```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IAN NEWMAN, in his capacity as Executor of the
estate of BARBARA DAVIDS,
                                                                    MEMORANDUM OF
                                                                    DECISION AND ORDER
              -against-
                                                                    06-CV-431 (ADS)(WDW)
NOVARTIS PHARMACEUTICALS
CORPORATION,

                                    Defendant.
-----------------------------------------------------------X
```
**APPEARANCES:**

**Valad & Vecchione, PLLC**
*Attorneys for the Plaintiff*
3863 Plaza Drive
Fairfax, VA 22030
  By: Bart T. Valad, Esq.
    John J. Vecchione, Esq., Of Counsel

**Terrence J. Sweeney, Esq.**
*Attorney for the Plaintiff*
225 Broadway
New York, NY 10007

**Lally & Misir, LLP**
*Attorneys for the Plaintiff*
220 Old Country Road
Mineola, NY 11501
  By: Demorah N. Misir, Esq., Of Counsel

**Hollingsworth LLP**
*Attorneys for the Defendant*
1350 I Street, NW, 9th Floor
Washington, D.C. 20005
  By: Anne Marla Friedman, Esq.
    Bruce J. Berger, Esq.
    Jared Wiesner, Esq.
    Katharine R. Latimer, Esq.
    Robert E. Johnston, Esq., Of Counsel

**Rivkin Radler LLP**
*Attorneys for the Defendant*
926 Rxr Plaza
Uniondale, N.Y. 11556
    By: Jesse J. Graham, II, Esq.
        David Richman, Esq., Of Counsel

**SPATT, District Judge.**

On February 1, 2006, Barbara Davids ("Davids") initiated this action against Novartis Pharmaceuticals Corporation ("Novartis" or the "Defendant"), alleging that the Defendant's drug Zometa caused her to develop a condition referred to as bisphosphonate-related osteonecrosis of the jaw ("BRONJ"). In this regard, Davids brought causes of action for (1) strict products liability; (2) breach of implied warranty; and (3) negligence. On October 4, 2012, a jury trial was commenced and approximately one month later, on November 2, 2012, the jury returned a verdict finding the Defendant liable under all three causes of action and awarding Davids (1) $350,000 in compensatory damages for Davids's injuries and her pain and suffering incurred to the present date; (2) $100,000 in compensatory damages for the Davids's injuries and her pain and suffering to be incurred in the future; and (3) punitive damages in the amount of $10,000,000.

Thereafter, the parties filed a series of post-trial motions, which the Court ruled on in a decision dated October 9, 2013. In that decision, the Court (1) granted the Plaintiff's motion to substitute Barbara Davids's son, Ian Newman, in his capacity as Executor of Davids's estate, as the Plaintiff in this action; (2) denied the Defendant's motion for a mistrial; (3) granted in part and denied in part the Defendant's motion to reduce the punitive damages, in that the Court reduced the punitive damages award to $900,000 and instructed the Plaintiff to file an acceptance

of remittitur as to the punitive damages within thirty days of the date of the Court's Order;

(4) denied the Plaintiff's motion to apply prejudgment interest to the punitive damages award.

On November 8, 2013, the Plaintiff filed his notice of acceptance of the remittitur. However, before the Clerk of the Court could enter judgment in favor of the Plaintiff against the Defendant for damages in the total sum of $1,350,000, yet another wrinkle surfaced in this case.

In this regard, the Plaintiff has moved for the Court to issue an order, pursuant to New York CPLR §§ 5002 and 5004, directing that New York state interest rate of nine percent applies to the entire $1,350,000 award, to run from November 2, 2012, when the verdict was rendered, until the judgment is entered. The Defendant opposes this motion, and argues that prejudgment interest should only be applied to the past compensatory damages ward and only at the federal prejudgment interest rate of 0.13 percent.

The Court assumes the parties' familiarity with the facts in this case and thus need not recount them here. For the reasons that, follow the Court grants in part and denies in part the Plaintiff's motion.

## I. DISCUSSION

At the outset, the Court finds that no prejudgment interest applies to the $900,000 punitive damages portion of the Plaintiff's award.

As the Court has previously determined, the New Jersey Punitive Damages Act ("NJPDA") applies to any issue involving punitive damages in this case. See Deutsch v. Novartis Pharms. Corp., 723 F. Supp. 2d 521 (E.D.N.Y. 2010). Moreover, in its October 9, 2013 decision, the Court recognized that New Jersey law does not permit prejudgment interest on punitive damages awards. See Belmont Condominium Ass'n, Inc. v. Geibel, 74 A.3d 10, 35, 432 N. J. Super. 52 (N. J. App. Div. 2013) ("Prejudgment interest on punitive damages should

3

not be permitted") (quoting Zalewski v. Gallagher, 275 A.2d 1195, 150 N.J. Super. 360 (N.J. App. Div. 1977)) (internal brackets omitted); Baker v. National State Bank, 801 A.2d 1158, 1167, 1177, 353 N.J. Super. 145, 159, 176 (N.J. App. Div. 2002) (awarding prejudgment interest on the compensatory or actual damages, but only awarding postjudgment interest on the punitive damages award); Ward v. Zelikovsky, 623 A.2d 285, 295, 263 N.J. Super 497, 513 (N.J. App. Div. 1993), reversed on other grounds 136 N.J. 516, 643 A.2d 972 (1994) ("It is settled that prejudgment interest may not be allowed on an award of punitive damages.") (collecting cases).

In this regard, under New Jersey law,

> [p]rejudgment interest is assessed on tort judgments because the defendant has had the use, and the plaintiff has not, of moneys *which the judgment finds was the damage plaintiff suffered*. It is thus clearly implied that interest on the *loss* suffered by a plaintiff as a result of defendant's tortious conduct is what was contemplated[.] . . . Interest is not punitive . . . ; here it is compensatory, to indemnify the claimant for the loss of what the moneys due him would presumably have earned if payment had not been delayed . . .
> An award of punitive damages, by its own terms, is punitive in nature and purpose and the award of interest thereon no less so. Such damages do not compensate plaintiff for a loss sustained; their purpose is to punish a defendant for wrongful, malicious conduct and as a deterrent to such conduct in the future.

Belmont, 74 A.3d at 36 (quoting Belinski v. Goodman, 354 A.2d 92, 96, 139 N.J. Super. 351, 260 (App. Div. 1976)) (emphasis in original). Accordingly, the Court denied the Plaintiff's motion to apply prejudgment interest to the punitive damages award.

Nevertheless, it appears that the Plaintiff attempts to overcome this ruling of the Court by now contending that because the verdict is a New York verdict, CPLR §§ 5002 and 5004 apply. Under CPLR § 5002, "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the

4

report or decision was made to the date of entry of final judgment," while CPLR § 5004 sets the interest rate at nine percent.

However, the Plaintiff's argument ignores this Court's previous holdings, as recited above, that the NJPDA applies to all issues related to punitive damages in this action and that prejudgment interest did not apply to the punitive damages award. As such, the Court denies the Plaintiff's motion to the extent it seeks to apply CPLR § 5002 interest to the $900,000 punitive damages award from the date of the verdict, November 2, 2012, to the entry of judgment. See Ross v. Thomas, 09 CIV. 5631 (SAS), 2010 WL 3952903, at *8 (S.D.N.Y. Oct. 7, 2010) (quoting Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir.2008)) ("[U]nder New York choice of law principles, the allowance of prejudgment interest is controlled by the law of the state whose law determined liability on the main claim.")

As to the remaining issues raised by the Plaintiff's motion, the Court does agree with the Plaintiff that New York's prejudgment interest does apply to the compensatory damages award in the amount of $350,000. Indeed, the parties have agreed that New York law applied to the Plaintiff's substantive causes of action. Despite the Defendant's claims to the contrary, there is nothing unconstitutional about New York state's imposition of a nine percent prejudgment interest rate. See Citibank, N.A. v. Barclays Bank, PLC, 13 CIV. 03063 LGS, 2013 WL 6153258, at *7 (S.D.N.Y. Nov. 22, 2013) ("The New York statute providing for 9% prejudgment interest is not a violation of due process."). "New York's statute providing for 9% prejudgment interest rationally serves a legitimate government interest," by "'compensate[ing] for the loss of use of money a party was owed during a particular period of time.'" Id. (quoting Capital v. Republic of Argentina, 952 N.E.2d 482, 494 (N.Y. 2011)) (ellipse and internal brackets omitted).

Of importance, "[p]rejudgment interest is 'not a penalty against defendant.'" Id. (quoting Toledo v. Iglesia Ni Christo, 962 N.E.2d 773, 777 (N.Y. 2012)).

In addition, New York's prejudgment interest also applies to the Plaintiff's future damages award in the sum of $100,000. New York courts have recognized that "[r]egardless of whether an award is to compensate past damages, future damages, or both, interest is awarded as of the date of the verdict and applied against the total sum awarded." Bermeo v. Atakent, 241 A.D.2d 235, 247, 671 N.Y.S.2d 727, 735 (1st Dep't 1998) (citations omitted); see also Pay v. State, 87 N.Y.2d 1011, 1013–14, 666 N.E.2d 172, 173 (1996) (quoting Rohring v. City of Niagara Falls, 84 N.Y.2d 60, 70, 614 N.Y.S.2d 714, 638 N.E.2d 62 (N.Y. 1994)) ("[T]he future damages here were properly treated as a debt owed entirely as of the date of the liability verdict, and interest was properly charged against the present value of future damages from that date under CPLR 5002."). Thus, in accordance with CPLR §§ 5002 and 5004, prejudgment interest at the rate of nine percent should apply to both the Plaintiff's compensatory damages award and future damages award, running from the date of the verdict, November 2, 2012, until the judgment is entered.

## II. CONCLUSION

For the foregoing reasons, the Court (1) denies the Plaintiff's motion to apply prejudgment interest to the $900,000 punitive damages award and (2) in accordance with CPLR §§ 5002 and 5004, grants the Plaintiff's motion to apply prejudgment interest at the rate of nine percent to the $350,000 compensatory damages award and $100,000 future damages award, to run from the date of the verdict, November 2, 2012, until the judgment is entered. The Clerk of the Court is directed to enter judgment in favor the Plaintiff against the Defendant for damages in the total sum of $1,350,000 and, in accordance with this Order, to apply prejudgment interest at

6

the rate of nine percent only to the $350,000 compensatory damages award and the $100,000 future damages award, from November 2, 2012 to the entry of judgment. The Clerk of the Court is also directed to close this case.

**SO ORDERED**.
Dated: Central Islip, New York
October 3, 2014

                                                 */s/ Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                         United States District Judge